## Case No. 15,656.

### UNITED STATES v. McCARTHY.

[4 Cranch, C. C. 304.][1]

Circuit Court, District of Columbia. March Term, 1833.

FORGERY—UTTERING—INDICTMENT.

In an indictment upon the act of congress of the 2d of March, 1831, § 11 [4 Stat. 449], for

---

[2] [From 18 How. Prac. 380.]

[1] [Reported by Hon. William Cranch, Chief Judge.]

---

uttering a forged check, it is not necessary to aver that the uttering was "to the prejudice of the right of any other person;" nor that the check was "a paper writing or printed paper." That act was not intended to alter the description of the offence of forgery as defined in the common law, or statute law of Maryland, but to designate the punishment, however the offence may be described in those laws. And although certain kinds of forgery may by those laws be made felony, they are punishable under the said eleventh section of the act of 2d of March, 1831, usually called the "Penitentiary Act of the District of Columbia."

[Cited in U. S. v. Coppersmith, 4 Fed. 207.]

The defendant [Lewis McCarthy] was convicted on the second count of the indictment, for "feloniously" uttering as true, a forged "check, on the Bank of Maryland, which is as follows, that is to say: 'No. ——. 'Bank of Maryland: Pay to Wm. C. Campbell or bearer, the sum of one hundred dollars and —— cents. $100 dollars, —— cents. Samuel H. Williams,'—with intent to defraud the said Lewis Fauzie, (he the said McCarthy at the time he so uttered and published the last mentioned false, forged, and counterfeited check as aforesaid, then and there well knowing the same to be false, forged, and counterfeited,) against the form of the statute," &c.

W. L. Brent, for defendant, moved, in arrest of judgment: (1) That the indictment does not charge that the uttering was "to the prejudice of the right of any other person," &c. (2) It does not charge that the check was "a paper writing or printed paper." The eleventh section of the penitentiary act of the 2d of March, 1831, says, "that every person duly convicted of having uttered as true, any such falsely made, altered, forged, or counterfeited paper writing or printed paper, to the prejudice of the right of any other person, body politic," &c., "knowing the same to be falsely made," &c., "with intent to defraud such person, body politic," &c., "shall be sentenced," &c. The word "feloniously" is not used in the description of the offence. The first section of the act, which enumerates the offences punishable by imprisonment and labor in the penitentiary, uses the word "forgery" alone to describe the offence. This indictment, being for felony, is not good under the penitentiary act, which makes the offence only a misdemeanor; and under an indictment for felony the defendant cannot be convicted of a misdemeanor; nor can the court render judgment as for a misdemeanor, upon a verdict finding the defendant guilty of felony. 1 Chit. Cr. Law, 281, 282; 2 Chit. 4; 3 Chit. 1022, 1041.

Mr. Key, U. S. Atty., contra. The indictment is good upon both statutes. The penitentiary act describes the common-law offence exactly as it is described by Blackstone (4 Bl. Comm. 247) who says: "It may, with us, be defined, at common law, to be the fraudulent making or alteration of a writing, to the prejudice of another man's right. The act intended therefore to punish the common-law offence, and the indictment well describes the

common-law offence; and that is all that is necessary. If the act be done with intent to defraud a person, it is done to the prejudice of the right of that person; and both averments are not necessary. It is only necessary to aver matter of substance. Com. v. Carey, 2 Pick. 47; and it is expressly stated in the books that is not necessary to constitute forgery, that any person should have been actually injured or defrauded. The words, "to the prejudice of the right" of a person, mean only with intent to injure that person.

(2) It is not necessary, under the penitentiary act, to state that a check is a paper writing. The word "check," describes a certain species of paper writing, and is equivalent to an averment of all the particulars which constitute the definition of the word. But the indictment is good under Act Md. 1799, c. 75, which makes it felony, knowingly to utter as true, a false draft or order for the payment of money; for a check is a draft. Or by rejecting the words "feloniously" and "contrary to the form of the statute," &c., it will be a good indictment at common law. Com. v. Hoxey, 16 Mass. 385. It is not necessary to follow the words of the statute in the indictment. 2 East, P. C. 896, 986, 987; Com. v. Richards, 1 Mass. 337; Brown v. Com., 8 Mass. 59; People v. Holbrook, 13 Johns. 90; Ross v. Bruce, 1 Day, 103.

THE COURT (CRANCH, Chief Judge, contrà) overruled the motion in arrest of judgment, and decided that the prisoner should be punished under the eleventh section of the penitentiary act of March 2, 1831 (4 Stat. 448).

MORSELL, Circuit Judge, cited the Maryland laws of 1790 (chapter 5) and 1793 (chapter 35, § 2) to show that a check is known as a description of paper, or security; and the Maryland act of 1797 (chapter 96), which punishes forgery of a check on a bank chartered by the United States, or by a particular state, and 1799 (chapter 75, § 2), which punishes the forgery of any draft, warrant, or order for the payment of money or delivery of goods, &c., and thought the indictment good as for a felony under the acts of Maryland of 1797 and 1799; and that the penitentiary act only altered the punishment without altering either the common law or the statutable definition of the offence; but that, however the offence may be described in the statute of Maryland, and however it may be described in the eleventh section of the penitentiary act, if the indictment describes an offence under the Maryland act, the judgment may be rendered under the penitentiary act, although it requires it to be the uttering of "a paper writing, or printed paper," forged, "to the prejudice of the right of some other person, body politic, or voluntary association," and although the indictment does not so state it.

CRANCH, Chief Judge. All indictments upon statutes must state all the circumstances which constitute the definition of the offence in the act, so as to bring the defendant precisely within it; and a conclusion "contrary to the form of the statute," will not aid a defect in this respect. 1 Chit. Cr. Pl. 281. It is, in general, necessary, not only to set forth on the record all the circumstances which make up the statutable definition of the offence, but also to pursue the precise and technical language in which they are expressed. Fost. Crown Law, 424; Cro. Jac. 607; 11 Coke, 58; 2 Hale, P. C. 170; 2 Leach, 1107; 2 Hawk. P. C. c. 25, § 110; Bac. Abr. "Indictment," H, 2; Hardr. 21; 8 Term R. 536; 2 East, P. C. 985, c. 19, § 58. So, in an indictment for perjury upon the statute, the word "wilfully" must be inserted, because it is part of the description which the act gives of the crime, though in an indictment for the same offence at common law, that precise term is not essential, but may be supplied by others that convey the same idea. These rules respecting the exact words of the statute by which the offence was created, apply equally to acts of the legislature by which the benefit of clergy is taken away from offences which existed at common law; for, if the crime be not, in general, brought within the exact words, the prisoner can recover judgment only as if no alteration had taken place, and the statutes had never been enacted. 1 Chit. 195. And the same rule applies where an offence at common law is made a crime of a higher nature; as where a misdemeanor is made a felony; or a felony a treason. 2 Hale, P. C. 192. Upon an indictment for murder, the jury may find the prisoner guilty of manslaughter, because the crimes are of the same nature, and only differ in degree. 1 Hale, P. C. 449.

In the present case the indictment is for a felony. It charges that the defendant did "feloniously utter," &c. If the word "feloniously" and "against the form of the statute," can be rejected as surplusage, the indictment seems to describe a common-law offence with sufficient certainty, but that offence is only a misdemeanor. 3 Chit. Cr. Pl. 1022. Can the court, upon an indictment for felony, give judgment as for a misdemeanor, upon a general verdict? By the English common law, it cannot; nor is it competent for the jury to find a verdict for misdemeanor upon an indictment for felony. 1 Chit. Cr. Pl. 310, 367–369. The judgment must correspond with the verdict, and the verdict with the indictment; so far, at least, as regards the nature of the offence. Here the verdict is, guilty of felony. No precedent of a judgment as for misdemeanor, on such a verdict, can be found. It does not seem to me that this indictment describes a case within the statute (the penitentiary act of 2d of March, 1831). It does not aver that the defendant uttered "a paper writing," or "printed paper;" nor does it aver that the check, which was uttered, was "to the prejudice of the right of any other person," &c. At common law, to constitute forgery, it is not necessary that the right of

any person should have been actually prejudiced. The forgery may, or may not, have produced the intended injury; and it is not necessary to aver, in an indictment for forgery at common law, that the act was done to the prejudice of the right of any person. It is sufficient to state that it was done with intent to injure or defraud some other person. If the forgery be detected before the injury has been done, it is less prejudicial to society, than if the fraudulent object had been attained; and therefore congress may have thought proper to punish a forgery which has been effectual, more severely than one which has not produced an actual injury to some individual or body politic. The words, "to the prejudice of the right of any other person," cannot be used as merely indicative of the intent with which the act must be done; for that intent is expressly declared by the words which immediately follow, namely, "with intent to defraud such person." The act may be done to the prejudice of the right of another, but it is not forgery, either under the statute, or at common law, unless it be also done with intent to defraud some person. I therefore doubt whether, in order to bring the offence within the penitentiary act, the indictment should not have stated the uttering of a forged "paper writing," or "printed paper," "to the prejudice of the right of some person."

But it is said to be a good indictment under the Maryland act of 1799, c. 75. I think it is not. That act makes it felony to forge, &c., "any order for the payment of money;" and a check may be an order, but it ought to have been so called in the indictment. Neither the indictment nor the verdict can now be amended. It is an indictment for a felony, with a general verdict; and if the word "check" is a sufficient substitute for the word "warrant, draft, or order" for the payment of money, it is a good indictment for felony; and upon an indictment for felony, as before observed, judgment cannot be given as for a misdemeanor. But this principle is now denied, and the Case of Scholfield, in 2 East, P. C. 1028, is referred to. That indictment was not for felony, but for a misdemeanor in attempting to commit a felony. So in Holmes's Case, 2 East, P. C. 1023, the offence described in the indictment was only misdemeanor as it appeared upon the face of the indictment, although the act was stated to be done feloniously; and the court, seeing that the offence, as charged, could not be a felony, gave judgment as for a misdemeanor. So also in Westbeer's Case, for stealing a commission (Strange, 1137), and Joyner's Case, J. Kelyng, 29, for stealing a fixed copper boiler, it was manifest that the offences, as charged, could not be felonies. Chitty (1 Cr. Law, 456), speaking of the plea of autrefois acquit, says "if the first charge were such an one as that the defendant could not have been convicted of the latter upon it, the acquittal cannot be pleaded. Thus, if the first

charge were a felony, or stealing, and the second for a mere misdemeanor, the previous acquittal will be no bar; for a felony, or larceny, cannot be modified, on the trial, into a trespass or misdemeanor." See, also, 1 Chit. 638, where the principle is stated which forbids judgment to be given as for a misdemeanor upon an indictment for felony. See, also, 2 Hale, P. C. 172. For these reasons I think the judgment ought to be arrested.

The prisoner was pardoned, upon the recommendation of the court.